**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RANDY ROGERS,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| **v.** | ) | **Judge** |
| | ) | |
| **STEVEN HERIGODT, ADAM STASINOPOULOS, UNKNOWN OFFICER OF THE FOREST PARK POLICE DEPARTMENT, AND VILLAGE OF FOREST PARK, ILLINOIS,** | ) | **Magistrate Judge** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, RANDY ROGERS, by and through his attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complains against defendants, STEVEN HERIGODT, ADAM STASINOPOULOS, UNKNOWN OFFICER OF THE FOREST PARK POLICE DEPARTMENT, and VILLAGE OF FOREST PARK, ILLINOIS, as follows:

1. This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiff, RANDY ROGERS, through acts and/or omissions of defendants, STEVEN HERIGODT, ADAM STASINOPOULOS, UNKNOWN OFFICER OF THE FOREST PARK POLICE DEPARTMENT, and VILLAGE OF FOREST PARK, ILLINOIS, committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also arises under Illinois state law.

## JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

**PARTIES**

4. At all times herein mentioned, plaintiff, RANDY ROGERS (hereinafter ROGERS), was and is a citizen of the United States and the State of Illinois.

5. At all times herein mentioned, defendants STEVEN HERIGODT (hereinafter HERIGODT), ADAM STASINOPOULOS (hereinafter STASINOPOULOS), and UNKNOWN OFFICER OF THE FOREST PARK POLICE DEPARTMENT (hereinafter UNKNOWN OFFICER) were officers in the Forest Park Police Department and were acting under color of state law and as the employees or agents of defendant VILLAGE OF FOREST PARK, ILLINOIS (hereinafter FOREST PARK). Said defendants are being sued in their individual capacity.

6. Defendant FOREST PARK is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant FOREST PARK maintained, managed, and/or operated the Forest Park Police Department.

**FACTUAL ALLEGATIONS**

7. In the afternoon of July 30, 2023, plaintiff ROGERS was driving in Forest Park, Illinois, near Roosevelt Road and Des Plaines Avenue.

8. Plaintiff ROGERS had in his possession a valid Firearm Owners Identification (FOID) card, a valid Concealed Carry License (CCL), and a legally purchased firearm.

9. Plaintiff ROGERS had been waiting at a red light, when he noticed defendants HERIGODT and STASINOPOULOS' police vehicle one lane over.

10. When the light changed, the car in front of plaintiff ROGERS sped away, but plaintiff ROGERS proceeded at or under the speed limit through the light.

11. Almost immediately after he passed the light, defendants HERIGODT and STASINOPOULOS turned on their emergency lights and pulled him over.

12. Plaintiff ROGERS rolled his windows down to speak with defendant HERIGODT, who asked plaintiff ROGERS where he was going, and claimed that plaintiff ROGERS had been speeding.

13. Defendant STASINOPOULOS was dressed in a white shirt and appeared to be training defendant HERIGODT.

14. Plaintiff ROGERS promptly informed defendants HERIGODT and STASINOPOULOS that he had a firearm in his possession.

15. Before he could say anything further, defendants HERIGODT and STASINOPOULOS aggressively ordered plaintiff ROGERS to put his arms out in front of him, and placed him in handcuffs while he was still seated in the car, wearing his seatbelt.

16. Plaintiff ROGERS' wrists were handcuffed very tightly, causing him much pain.

17. Plaintiff ROGERS asked defendants HERIGODT and STASINOPOULOS repeatedly if they would loosen the handcuffs, as they were hurting him, but they refused to do so.

18. Defendants HERIGODT and STASINOPOULOS ordered plaintiff ROGERS out of the car, but plaintiff ROGERS could not exit the car because he had been handcuffed to his seatbelt.

19. Tension escalated because defendants were insistent that plaintiff exit the vehicle, but he could not do so.

20. Eventually, defendants HERIGODT and STASINOPOULOS realized that plaintiff ROGERS was not resisting being placed into custody, but was handcuffed to his seatbelt. They released one of plaintiff's hands from the handcuffs so he could exit the vehicle.

21. Defendants HERIGODT and STASINOPOULOS took plaintiff ROGERS' wallet from his pants pocket, without his permission.

22. Defendants placed both of plaintiff ROGERS' hands back into handcuffs and placed him in custody in the back of their police car.

23. Before doing so, defendants searched plaintiff's person.

24. Defendant HERIGODT then began thoroughly searching plaintiff ROGERS' car, without permission or any legal authority, with the approval of defendant STASINOPOULOS.

25. At some point during this police encounter, a third officer, whose name is unknown, appeared at the same. He had the opportunity to, but did not intervene to prevent the unconstitutional conduct from occurring.

26. Plaintiff ROGERS was detained inside the police car while his car was searched..

27. After the detention and the search were completed, plaintiff was taken out of the police vehicle, and his handcuffs were removed. He was given a speeding ticket, and he was released from custody by defendants.

28. In court, plaintiff ROGERS' speeding ticket was dismissed as a non-suit.

29. By reason of the above-described acts and omissions of defendant officers, plaintiff ROGERS sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

30. The aforementioned acts of defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff ROGERS' rights and justify the awarding of exemplary and punitive damages.

31. By reason of the above-described acts and omissions of defendant officers, plaintiff ROGERS was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff ROGERS requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiff ROGERS Against Defendants HERIGODT and STASINOPOULOS for Illegal Stop**

32. Plaintiff ROGERS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

33. The stop of plaintiff by defendants HERIGODT and STASINOPOULOS was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

34. Each defendant is liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

35. In addition, defendant STASINOPOULOS was a supervisory officer who directed and encouraged defendant HERIGODT's actions. He approved, condoned, and/or turned a blind

eye to the unconstitutional conduct directed at plaintiff ROGERS, and therefore he has supervisory liability.

36. By reason of the conduct of defendants HERIGODT and STASINOPOULOS, plaintiff ROGERS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff ROGERS pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff ROGERS Against Defendants HERIGODT, STASINOPOULOS and UNKNOWN OFFICER for False Arrest/Illegal Detention**

37. Plaintiff ROGERS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

38. The detention of plaintiff was without probable cause and unreasonable, and in its nature and scope was tantamount to an arrest.

39. After the traffic stop, plaintiff ROGERS was immediately handcuffed and placed in custody in a police vehicle. He was not free to leave.

40. Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

41. In addition, defendant STASINOPOULOS was a supervisory officer who directed and encouraged defendant HERIGODT's actions. He approved, condoned, and/or turned a blind eye to the unconstitutional conduct directed at plaintiff ROGERS, and therefore he has supervisory liability.

42. By reason of the conduct of defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER, plaintiff ROGERS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff ROGERS pursuant to 42 U.S.C. § 1983.

## COUNT III
## Plaintiff ROGERS Against Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER for Excessive Force

43. Plaintiff ROGERS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

44. The rough and aggressive conduct of defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER toward plaintiff during this traffic stop, and the failure to remove the overly tight handcuffs, constituted force that was excessive, unnecessary, unreasonable, and without legal cause.

45. Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

46. In addition, defendant STASINOPOULOS was a supervisory officer who directed and encouraged defendant HERIGODT's actions. He approved, condoned, and/or turned a blind eye to the unconstitutional conduct directed at plaintiff ROGERS, and therefore he has supervisory liability.

47. By reason of the conduct of defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER, plaintiff ROGERS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff ROGERS pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**Plaintiff ROGERS Against Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER for Illegal Search of His Person**

48. Plaintiff ROGERS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

49. The search of plaintiff ROGERS' person, and the seizure of his wallet, were without probable cause or even reasonable suspicion to believe that plaintiff was involved in any criminal activity and was unreasonable.

50. Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

51. In addition, defendant STASINOPOULOS was a supervisory officer who directed and encouraged defendant HERIGODT's actions. He approved, condoned, and/or turned a blind eye to the unconstitutional conduct directed at plaintiff ROGERS, and therefore he has supervisory liability.

52. By reason of the conduct of defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER, plaintiff ROGERS was deprived of rights, privileges, and immunities

secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff ROGERS pursuant to 42 U.S.C. § 1983.

**COUNT V**
**Plaintiff ROGERS Against Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER for Illegal Search of Plaintiff's Vehicle**

53. Plaintiff ROGERS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

54. The search of plaintiff's vehicle was performed without a warrant, without consent, and without probable cause to believe that plaintiff was involved in any criminal activity. It was unreasonable.

55. Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

56. In addition, defendant STASINOPOULOS was a supervisory officer who directed and encouraged defendant HERIGODT's actions. He approved, condoned, and/or turned a blind eye to the unconstitutional conduct directed at plaintiff ROGERS, and therefore he has supervisory liability.

57. By reason of the conduct of defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER, plaintiff ROGERS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff ROGERS pursuant to 42 U.S.C. § 1983.

**COUNT VI**
**Plaintiff ROGERS Against Defendants HERIGODT, STASINOPOULOS, UNKNOWN OFFICER, and FOREST PARK for State Supplemental Claim of Assault**

58. Plaintiff ROGERS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

59. Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER engaged in threatening conduct, gestures, and words which placed plaintiff ROGERS in fear of an imminent battery, that is, an arrest and additional physical harm.

60. Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER, and each of them, is thus liable to plaintiff ROGERS under Illinois law for the state supplemental claim of assault.

61. Defendant FOREST PARK is liable pursuant to the doctrine of *respondeant superior* for the wrongful acts of their employees.

**COUNT VII**
**Plaintiff ROGERS Against Defendants HERIGODT, STASINOPOULOS, UNKNOWN OFFICER, and FOREST PARK for State Supplemental Claim of Battery**

62. Plaintiff ROGERS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

63. The physical contact by defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER in detaining plaintiff, handcuffing plaintiff ROGERS too tightly, and forcing him out of his vehicle and into a police vehicle, was offensive and injurious, and against plaintiff's will.

64. Defendants HERIGODT, STASINOPOULS, and UNKNOWN OFFICER, and each of them, is thus liable to plaintiff ROGERS under Illinois law for the state supplemental claim of battery.

65. Defendant FOREST PARK is liable pursuant to the doctrine of *respondeat superior* for the wrongful acts of their employees.

**COUNT VIII**
**Plaintiff ROGERS Against Defendant FOREST PARK for Indemnification (735 ILCS 10/9-102)**

66. Plaintiff ROGERS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

67. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which their employees are liable, for acts committed within the scope of their employment.

68. Defendants HERIGODT, STASINOPOULOS, and UNKNOWN OFFICER were employees of FOREST PARK and acted in furtherance of and within the scope of their employment in committing the acts of misconduct described herein.

69. Defendant FOREST PARK is thus liable under the theory of indemnification.

WHEREFORE, plaintiff ROGERS requests judgment as follows against defendants, STEVEN HERIGODT, ADAM STASINOPOULOS, UNKNOWN OFFICER, and VILLAGE OF FOREST PARK, in the claims set forth above, and specifically:

A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

B. That defendants be required to pay plaintiff special damages, in a sum to be ascertained at a trial of this matter;

C. That defendants, except VILLAGE OF FOREST PARK, be required to pay plaintiff punitive damages in a sum to be ascertained at a trial of this matter;

D. That defendants be required to pay plaintiff's attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision, for all federal claims alleged herein;

E. That defendants be required to pay plaintiff's costs of the suit herein incurred; and

F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests a TRIAL BY JURY.**

Dated: October 3, 2023

/s/ Irene K. Dymkar
Irene K. Dymkar

Plaintiff's Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123